RECEIVED
3-24-14 ea
MAR 24 2014
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

AL SHAH (FATHER)
SHAH B. (MINOR)     SHAH A. (MINOR)
SHAH A. (MINOR)

**Plaintiff(s)**

14cv2061
Judge Robert M. Dow, Jr
Magistrate Jeffrey T. Gilbert

V.

THE FRANKLIN INSTITUTE, PHILADELPHIA
AND MR. DENNIS M WINT PRESIDENT AND CEO
AND LARRY DUBINSKI EXECUTIVE VP

**Defendant(s)**

AND

PENNSBURY SCHOOL DISTRICT, FALLSINGTON, PA
AND MR. ALLAN WEISEL

AND

PENNWOOD MIDDLE SCHOOL, YARDLEY, PA
AND MS. PATRICIA STECKROAT AND
MS. COLLEN BRODBECK

AND

ARIA HEALTH AND MS. KATHLEEN KINSLOW
PRESIDENT AND CEO, PHILADELPHIA, PA

AND

TEAMSTER UNION AND MR. HOWARD WELLS, NJ AND PA

AND

COMMUNICATION WORKERS OF AMERICA AND MR. HETTY
ROSENSTEIN AND MR. EDWARD MOONEY NJ AND PA

AND

AFL-CIO, NJ AND PA

AND

MR. H. R. SHAH, NJ

AND

MR. KAUSHIK AMIN, NJ

PLEASE SEE (NEXT PAGE)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

AL SHAH (FATHER)
SHAH B. (MINOR)   SHAH A.A. (MINOR)
SHAH A. (MINOR)

**Plaintiff(s)**

V. QUARRY HILL ELEMENARY
AND
THE PRINCIPAL, QUARRY HILL ELEMENTARY.

**Case No.**

**Defendant(s)**

COMPLAINT CONTINUE

NOW COMES THE PLAINTIFFS B. SHAH (MINOR) AND OTHER MINORS THROUGH THEIR FATHER AL SHAH (A FOLLOWER AND A SUPPORTER OF ISLAM) ALLEGES AND STATES AS FOLLOWS:

1. THE PLAINTIFF AL SHAH IS A CITIZEN OF KANE COUNTY, STATE OF ILLINOIS.

2. THE DEFENDANTS INDIVIDUALS AND ORGANIZATIONS AND BUSINESSES ARE LOCATED IN THE STATE OF PENNSYLVANIA OR THE STATE OF NEW JERSEY.

3. THE MATTER IN CONTROVERSY EXCEEDS, EXCLUSIVE OF INTEREST AND COSTS $75,000.00

4. THIS COURT HAS A JURISDICTION UNDER U.S. AND STATE LAW OF IL, PA AND NJ.

5. ON MARCH 26, 2012, THE DEFENDANTS FRANKLIN INSTITUTE AND MR. DENNIS M WINT AND MR LARRY DUBINSKI OWNED, IN CHARGE, MAINTAINED, MANAGED AND CONTROLLED THE MUSEUM KNOWN AS FRANKLIN INSTITUTE LOCATED AT APPROXIMATELY 222 NORTH 20TH STREET, PHILADELPHIA, PA IN THE STATE OF PENNSYLVANIA.

6. ON SAID DATE, THE PLAINTIFF B. SHAH (MINOR) WAS LAWFULLY USING STAIRCASE OF FRANKLIN INSTITUTE.

7. MINOR B. SHAH WAS VISITING FRANKLIN INSTITUTE AS A PART OF HER STUDY, FIELD TRIP VISIT FROM PENNWOOD MIDDLE SCHOOL, YARDLEY, PA.

8. Defendant Franklin Institute and Mr. Dennis M. Wint and Mr. Larry Dubinski had a duty to maintain said premises in a safe and suitable manner to avoid injury to a person lawfully upon its premises.

9. Notwithstanding said duty, the above defendants were than and there guilty of one or more of the following acts of negligence and reckless conduct negligent in supervision or omission which directly caused injury to the plaintiffs.

   (A) Carelessly and negligently failed to provide a reasonably safe means of access

   (B) Carelessly and negligently failed to keep the staircase maintained and good repair. Failed in making and executing policy.

   (3) Carelessly and negligently failed to warn those lawfully upon the premises that the steps on stair were wet/spilled and/or uneven

10. Defendant Pennwood Middle School, Yardley PA, Ms. Patricia Steckroat and Ms. Collen Brodbeck, Petunsbury School District, and Mr Allan Weisel had a duty to take children and bring them back safely, supervise them, responsible for their safety all the time during this trip that was part of plaintiff B. Shah's study, education and curriculum, and duty to avoid injuries to a student.

11. Notwithstanding said duty, the above defendants were than and there guilty of one or more of the following acts of negligence and reckless conduct, negligent in supervision and or omission which directly caused injury to the plaintiff

11. CONTINUE
    A. CARELESSLY AND NEGLIGENTLY FAILED TO PROVIDE A REASONABLY SAFE MEANS OF ACCESS
    B. CARELESSLY AND NEGLIGENT IN AVOIDING INJURIES
    C. CARELESS AND NEGLIGENT IN WARNING AND INSTRUCTING STUDENTS ABOUT UNSAFE STAIRCASE AND STEPS. AND/OR SUPERVISING STUDENTS
    D. CARELESS AND NEGLIGENT TO PROVIDE/FAILED TO TAKE PLAINTIFF/STUDENT TO THE NEAREST MEDICAL FACILITY

12. FAILED TO HAVE AND/OR EXECUTE POLICY.

13. DUE TO RELIGIOUS AND OR RACIAL BIAS, FAILED TO / IGNORED PLAINTIFF A. SHAH'S WARNING THAT WAS GIVEN IN WRITING THAT THERE IS A RISK TO CHILDREN'S SAFETY FROM UNION CROOKS.

14. PRIOR TO B. SHAH'S INJURY, ANOTHER CHILD A. SHAH WAS INJURED BY SOMEONE AT THE SAME ANKLE AS B. SHAH AT SCHOOL THAT RESULTED IN SPRAIN (NOT A MAJOR FRACTURE) MISSING SEVERAL SCHOOL DAYS AND GREAT PAIN, MISSING AND ENJOYING QUALITY TIME ACTIVITIES OUTSIDE AND INSIDE SCHOOL, WITH SIBLINGS AND OTHER KIDS AND FAMILY, PHYSICAL IMPAIRMENT, DISCOMFORT SUBSTANTIAL MEDICAL EXPENSE.

15. CHILDREN'S MOTHER HAD SLEEP AND FALL AT WORK THAT RESULTED IN GREAT PAIN, PERMANENT INJURIES AND DISCOMFORT, PHYSICAL IMPAIRMENT SUBSTANTIAL MEDICAL EXPENSES, LOST WAGES. AROUND SAME TIME

16. A. SHAH AGAIN CAME WITH A BLEEDING NOSE FROM SCHOOL, THAT WAS UNDER SAME SCHOOL BOARD THAT RESULTED IN GREAT PAIN, DISCOMFORT PHYSICAL IMPAIRMENT, MISSING AND ENJOYING QUALITY TIME, ACTIVITIES OUTSIDE AND INSIDE SCHOOL WITH SIBLINGS, OTHER KIDS, FAMILY, MEDICAL EXPENSE MISSING SCHOOL ETC.

17. AS A DIRECT AND PROXIMATE RESULT OF ONE OR MORE MENTIONED IN PARAGRAPH 8, 9, 10, 11, 12, 13, PLAINTIFF B. SHAH WAS INJURED WHEN SHE FELL & SLEPT AS SHE WAS USING STAIRCASE APPROACHING OTHER PART OF MUSEUM TO STUDY THINGS THAT WAS PART OF HER STUDY AND CURRICULUM.

18. AS A DIRECT AND PROXIMATE RESULT OF SAID ACTS OF NEGLIGENCE, THE PLAINTIFF B. SHAH (A MINOR) WAS GREATLY INJURED AND HAS SUFFERED GREAT PAIN, DISCOMFORT, PHYSICAL IMPAIRMENT, SUBSTANTIAL MEDICAL EXPENSE. PLAINTIFF B. SHAH ALSO LOST QUALITY TIME, ENJOYMENT, ACTIVITIES OUTSIDE AND INSIDE SCHOOL, MISSED AND LOST EDUCATION, MISSING ACTIVITIES WITH OTHER STUDENTS, OTHER CHILDREN, FAMILY, SIBLINGS ETC.

19. PLAINTIFF A. SHAH (MINOR) HAD SUFFERED TWO INJURIES AT SCHOOL PREMISES (BLEEDING NOSE AND BROKEN/SPRAIN ANKLE) AS A DIRECT AND PROXIMATE RESULT OF ONE OR MORE OF THE ACTS OF NEGLIGENCE FROM DEFENDANT QUARRY HILL ELEMENTARY AND SAME PENNSBURY SCHOOL DISTRICT AND THEIR STAFF AND OFFICERS AND SCHOOL SUPERINTENDENTS.

20. PLAINTIFF A.A. SHAH (MINOR) LOST QUALITY TIME AND ACTIVITIES DUE TO FREQUENTLY AND SERIOUSLY INJURED SIBLINGS, DEPRIVED OF SLEEP DUE TO PAIN AND INJURED OTHER PLAINTIFF AND LOSING RESOURCES.

21. PLAINTIFF AL SHAH WAS A SUPPORTER OF ISLAM. PLAINTIFF LATER BECAME FOLLOWER OF ISLAM. PLAINTIFF WAS A FORMER STATE OF WISCONSIN EMPLOYEE.

22. GOVERNOR DOYLE (A DEMOCRAT)'S APPOINTEE HON. BUSALACCHI AND HONORABLE ANTHONY, AND HONORABLE GOVERNOR WALKER (A REPUBLICAN)'S APPOINTEE HONORABLE NEWSON REGGIE AND HONORABLE DEWAYNE JOHNSON (A DIRECTOR OF WISCONSIN DOT, AND A MENTOR OF GOVERNOR SCOTT WALKER AND VP CANDIDATE HONORABLE RYAN) WERE FORCING CHRISTIAN PRAYER AND CHRISTIANITY AT WORK PLACE USING TAX DOLLARS ON FOLLOWERS OF ISLAM AND ON FOLLOWERS OF OTHER RELIGION OR FOLLOWERS OF NO RELIGION.

23. PLAINTIFF AL SHAH OBJECTE IT. SO THE ABOVE MENTIONED POLITICIANS FROM BOTH DEMOCRATIC AND REPUBLICAN PARTY AND TOP GOVERNMENT OFFICIALS RETALIATED AND VIOLATED PLAINTIFFS CIVIL RIGHTS.

24. FEDERAL JUDGE HONORABLE ANNE THOMPSON FOUND PLAINTIFF'S CASE MERITORIOUS.

25. GOVERNOR HONORABLE DOYLE (A DEMOCRAT) AND GOVERNOR HONORABLE WALKER (A REPUBLICAN)'S APPOINTEES AND GOVERNMENT OFFICIALS HIRED A CARTEL OF AFL-CIO AFFILIATED AND NON AFFILIATED UNION LIKE OPERATING ENGINEERS UNION, USW, TEAMSTERS, FIRE FIGHTERS, AND PARAMEDICS UNION, POLICE UNION AND THEIR BOSSES, AN EAST INDIAN HINDU CONVICTED CRIMINAL IN $700 MILLION FRAUD AND COMMUNITY LEADERS / COMMUNITY

GATE KEEPERS LIKE H.R. SHAH (OWNS TV ASIA NEWS CHANNEL) AND MAFAT PATEL (OWNS GROCERY BUSINESS WORTH $300 MILLION) AND KIRAN DESAI (FORMER NJ STATE TRESURER OF NJ STATE DEMOCRATIC PARTY), IRISH AND JEWISH CROOKS WHO INTERFERED WITH PROCESS OF JUSTICE AND STARTED HARASSING AND DRUGGING PLAINTIFF AL SHAH, CAUSING INJURIES TO AL'S FAMILY MEMBERS.

26. THE CARTEL OF UNION BOSSES, A CONVICTED HINDU CRIMINAL AND COMMUNITY GATE KEEPERS NOT ONLY WANTED TO SET POLITICIANS FREE BUT ALSO WANTS PLAINTIFF TO PARTICIPATE IN A CRIME TO DEFRAUD GOVERNMENT AND TAX PAYERS..

27. LEGAL COMMUNITY SHOCKED AND CRITICIZED HOW ONE STATE REPRESENT OTHER STATE'S EMPLOYEES AND POLITICAL APPOINTEES WITHOUT PROHAC VICE PROCESS AND QUESTIONED HOW TAXPAYER'S MONEY FROM ONE STATE USED FOR ANOTHER STATE

28. THE ABOVE CARTEL ILLEGALLY WIRE TAPES AND WEB TRACING, PLAINTIFF AND FAMILY MEMBERS ACTIVITIES CYBER STALKS AND MAKES VEIL THREATS TO PLAINTIFF AND HIS YOUNG CHILDREN. THE CARTEL HACKS AND GETS ILLEGAL TO THE COMPUTER. AND OTHE ELECTRONIC DEVICES AND APPLIANCES. THE CARTEL CONTROLS ALL COMMUNICATION AND EMAIL BOXES. THE CARTEL ALSO INTERFERES AND INTERRUPTS AND INTERFERES WITH PLAINTIFF'S ANY TRANSACTION WITH BANKS AND OUTSIDE WORLD.

(NEXT PAGE)

29. THE CARTEL SECLUDED PLAINTIFF AL SHAH FROM A SOCIETY AND COMMUNITY AND FORCEFULLY SEPARATED HIS CHILDREN USING POLICE AND HOUSED PLAINTIFF AT A HOUSE IN CARPENTERSVILLE, IL AND CONTINUED ILLEGALLY DRUGGING AL SHAH BY CONTROLLING AIR (HVAC), WATER (MUNICIPAL WATER) AND FOOD SUPPLY.

30. FOR ALMOST ONE YEAR THE CARTEL IS PAYING $1350 PER MONTH RENT FOR THE PLACE IN CARPENTERSVILLE, IL WHERE PLAINTIFF IS HOUSED AND THE PLACE IS USED AS A TORTURE HOUSE.

31. AS PER COMMUNITY MEMBERS THE TORTURE AND HARASSMENT WILL CONTINUE UNTIL AL SHAH AGREES TO SET POLITICIANS AND GOVERNMENT OFFICIALS OF WISCONSIN FREE AND AGREES TO LET A CONVICTED CRIMINAL OF $700 MILLION AND UNION BOSSES DECIDE HOW MUCH COMPENSATION AL SHAH DESERVES, IF ANY.

32. PLAINTIFF MADE SEVERAL COMPLAINTS TO LOCAL, STATE AND FEDERAL LAW ENFORCEMENT BUT THERE IS NO PROGRESS.

33. BY HAVING ACCESS TO THE PLACE AND PAYING ITS RENT IN CARPENTERSVILLE, THE CARTEL DESTROYS ALL THE EVIDENCES OF TORTURE AND LEAVES NO TRACE FOR THE TORTURE AND CRIME THEY ARE DOING.

34. IN ORDER TO GO THROUGH JUSTICE SYSTEM FOR THIS CLAIM/CASE/COURT PROCEEDING WITHOUT ANY INTERFERENCE OR INFLUENCE OR INTERUPTION FROM THIS CARTEL, PLAINTIFFS SEEKS PERMANENT INJUNCTION AND TEMPORARY INJUNCTION AGAINST ALL THE DEFENDANTS EXCEPT THOSE WHO ARE AFFILIATED WITH SCHOOL DISTRICT, SCHOOL OR FRANKLIN INSTITUTE OR ARIA HEALTH.

35. PLAINTIFF SEEKS PERMANENT INJUNCTION AGAINST THE CARTEL THAT IS USING UNION MEMBERS LAW ENFORCEMENT POWER. PLAINTIFF WANTS TO STOP THE CARTEL FROM DIRECTLY OR INDIRECTLY CONTACTING PLAINTIFF, HIS YOUNG CHILDREN OR ANY FAMILY MEMBERS BY ANY MEANS. PLAINTIFF WANTS TO STOP THE CARTEL FROM BULLYING, CYBERSTALKING, WEB-TRACING, WIRETAPPING, ACCESSING, CONTROLLING, LISTENING, HEARING, MONITORING, MANAGING ANY TYPE OF COMMUNICATION, INTERNET, OR ANY ELECTRONIC RELATED ACTIVITIES OR USE, CELL PHONE, PHONE, TV, RADIO, MEDICAL FINANCIAL, ANY CONFIDENTIAL OR NON CONFIDENTIAL RECORDS AT ANY PLACE, WITHOUT COURT ORDER. T

36. THE CARTEL HAS NOT ONLY FINACIAL MOTIVATION BUT THE CARTEL'S MEMBERS ARE JEWISH, HINDU AND CHRISTIAN WHO HAS EXTREME HATES TOWARDS ISLAM AND MUSLIM.

37. THE CARTEL IS ALSO NOT LETTING PLAINTIFF AL SHAH SERVE THE MUSLIM IMMIGRANTS THROUGH A NON-PROFIT THAT PLAINTIFF AL SHAH FOUNDED AND PLAINTIFF IS RESPONSIBLE OF ALL ALL ITS ACTIVITIES AND INTERFERES AND INTERRUPTS ITS CHARITABLE, RELIGIOUS AND WELFARE ACTIVITIES.

38. PLAINTIFF HEARD FROM OTHER PEOPLE THAT THE CARTEL RECEIVES MONEY THROUGH MINORITY OWNED BUSINESSES THROUGH A FAVOUR FROM POLITICIANS IN MILLIONS OF DOLLARS WORTH OF STATE CONTRACT.

39. DEFENDANT ARIA HEALTH IN EMERGENCY ROOM DID NOT PUT CAST ON PLAINTIFF B SHAH'S LEG INSTEAD ASKED HER TO GO TO AN ORTHO SURGEON AND PUT CAST WITHIN 24 HOURS, DUE TO RELIGIOUS HATRED.

40. THE CARTEL STOLE ALL THE MEDICAL RECORDS SO LATER THEY CAN TAMPER WITH RECORDS IF PLAINTIFF FILES FOR PERSONAL INJURY CASE.

41. DUE TO CARTEL'S INTERFERENCE NO ORTHO DOCTOR IN PA WERE READY TO MAKE AN APPOINTMENT BEFORE ONE MONTH.

42. PLAINTIFF B. SHAH ENDED UP IN RECEIVING MEDICAL TREATMENT IN THE STATE OF NEW JERSEY ABOUT 2 HOUR DRIVE AND LOTS OF PAIN.

43. MORE THAN A WEEK PASSED SO DOCTOR FEARED BONE ALREADY STARTED HEALING WITHOUT GETTING REPOSITIONED PROPERLY THE BONE THAT WAS DISPLACED DUE TO INJURY.

44. FOR ALMOST TWO YEARS PLAINTIFF COULD NOT PARTICIPATE IN SPORTS AND COMPLAINED & STILL COMPLAINING ABOUT PAIN IN HER INJURED PART ESPECIALLY DURING WINTER / COLD SEASON.

45. PLAINTIFF COULD NOT FIND A SINGLE ATTORNEY TO REPRESENT B. SHAH OR HER MOTHER OR A. SHAH IN NORMAL CASE WE HAVE SEEN 24 HRS HAMMERING FROM ATTORNY'S COMMERCIALS & WANT TO REPRESENT WITHOUT UPFRONT FEE. HERE ATTORNEYS

EVEN OFFERED UP FRONT MONEY REFUSED TO EVEN LISTEN AND GIVE FIRST APPOINTMENT OR MEET EXCEPT ONE NJ LAW PROFESSOR WHO TOLD TO TALK TO STUDENT TO RECEIVE HELP FROM LAW STUDENT. ATTORNE FURTHER ADVISED THAT IF YOU DON'T KNOW LAW NUMBER, YOU DON'T NEED TO PUT LAW NUMBER.

WHEREFORE, PLAINTIFFS, B. SHAH, AL SHAH, A. SHAH AND AA SHAH DEMANDS JURY TRIAL AND DEMANDS JUDGMENT AGAINST DEFENDANTS IN A SUM IN EXCESS OF SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS AND COSTS.

RESPECTFULLY SUBMITTED

_____     3/24/2014
AL SHAH

### JURY DEMAND

PLAINTIFFS AL SHAH, B. SHAH, A. SHAH AND AA SHAH DEMANDS JURY TRIAL.

_____     3/24/2014
AL SHAH